The return to remand by the Circuit Court for Dallas County states in its entirety as follows:
"RETURN ON REMAND
 "1-26-87, The Defendant enters a plea of guilty to Possession of Cocaine June 6, 1986, as charged in the indictment and was accordingly adjudged to be guilty and as punishment for said offense is sentenced to the Penitentiary of Alabama for twenty years concurrent with CC-86-296-A and CC-86-297.
"/s/ Charles A. Thigpen "Judge"
This record is then certified.
As recited in our original remand opinion, the original record reflects a sentencing agreement of two years' imprisonment and the transcript shows that the court sentenced the appellant to two years' imprisonment. However, the written judgment in the case reflects a sentence of ten years. We remanded the case for the sentencing authority to clarify the question of whether it intended to sentence the appellant to two years or to ten years. Of course, the return quoted interjects a third sentence into the case, twenty years' imprisonment. We originally remanded the case to the circuit court under the provisions of Rule 10(f), Rules of Appellate Procedure, ". . . for proceedings to establish the intention of the sentencing court." It is again necessary that we do this.
The most recent sentence imposed by the circuit court fails to reflect whether the defendant was present and represented by counsel at the time of sentencing, and the court is directed to conduct a constitutional, lawful sentencing hearing. The appellant contends that he pleaded guilty in reliance on a sentencing agreement by the terms of which he was to receive two years' imprisonment. The transcript of the original proceedings appears to bear out the factual contentions of the appellant as to the existence of a sentencing agreement. The circuit court is directed to conduct a hearing to ascertain whether or not there was a sentencing agreement for two years' imprisonment. In the event the court finds there was a valid sentencing agreement, then, of course, the accused is entitled to rely on that sentencing agreement. As we have previously directed: "In the event that the intention of the court was to impose a sentence at variance with that arrived at in the negotiated sentencing agreement, then the appellant must be given an opportunity to withdraw his plea of guilty, enter a plea of not guilty, and proceed to trial. Santobello v. NewYork, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)."
For the reasons as set out above, this matter is again remanded to the Circuit Court of Dallas County, Alabama, with specific instructions. At the conclusion of the proceedings in the circuit court, the court is ordered to return to us a copy of the transcript of the hearing or hearings conducted, together with a copy of its order, or orders, for further review.
REMANDED WITH DIRECTIONS.
All the Judges concur.
 ON RETURN TO REMAND